DOWDELL et al, Respondents, v. CITY OF ARTESIAN et al, Appellants.

(212 N. W. 489.)

(File No. 6031.    Opinion filed March 7, 1927.)

1. **Drains—Under Drainage Law Benefits Held Inapplicable to City Sewer System; "Drainage Benefits" (Rev. Code 1919, §§ 8458, 8479).**

    Under Rev. Code 1919, §§ 8458, 8479, drainage benefits are not confined to agricultural lands but are not applicable to city sewer system, since it does not involve surface water not naturally draining away.

2. **Drains—County Commissioners Did Not Lose Jurisdiction over Proceedings to Drain Lake and Surrounding Land by Including in Project Sewer System of City.**

    County commissioners, having jurisdiction to establish drainage district and take proceedings to drain lake and surrounding land, did not lose jurisdiction of whole proceeding so as to make assessments void by including in project sewer system of city over which it had no jurisdiction.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Drains, Key-No. 71, 19 C. J. Sec. 219; (2) Drains, Key-No. 15, 19 C. J. Sec. 16.

Appeal from Circuit Court, Sanborn County; Hon. FRANK B. SMITH, Judge.

Action by J. Grace Dowdell and others against City of Artesian and others. Judgment for plaintiffs, and defendants appeal. Reversed, with directions.

*F. D. Richards* and *R. B. Palmer,* both of Woonsocket, for Appellants.

*Dick Haney,* of Huron, and *Spangler & Morgan,* of Mitchell, for Respondent.

BURCH, J.   This action is brought to test the validity of several special assessments assessed against agricultural land under the drainage law.   Plaintiffs are owners of various tracts of land affected by the assessment, and are joined as plaintiffs to avoid a multiplicity of suits.   The case was tried to the court without a jury, and the court made findings of fact, drew conclusions of law, and entered judgment in favor of plaintiffs.

The sole question for review is the correctness of the conclusions of law under the findings of fact.   The findings are full and complete, but only such portions as are deemed material to a proper understanding of the contentions of the parties will be referred to in this opinion.

South of the city of Artesian there was a lake covering about 50 acres of land, filled with stale water, which gave off offensive odors, and was injurious to public health and welfare.   Nearly, but not quite, all of the lake was without the corporate limits of the city.   On the 7th of June, 1916, a petition was presented to the board of county commissioners of Sanborn county to drain the lake.   Acting on this petition, the county commissioners proceeded with a drainage plan.   On the 24th of July, 1916, the state engineer recommended the drainage, and the county commissioners directed the Dakota Engineering Company of Mitchell to make a complete survey of the proposed drainage district, together with plans and specifications for the construction of the drainage.   The report of the engineering company enlarged the original plan to include a complete sewer system for the city of Artesian, and the order of the county commissioners adopting said report and the plans and specifications recites that, in the opinion of the board, such drainage "is necessary and beneficial to the public health and welfare of the community, and will also reclaim many acres of valuable agricultural lands, and that for a full and complete drainage of the territory involved it will be necessary to enlarge the scope of the drainage petitioned for, and that laterals should be also constructed in the city of Artesian, and that said drainage

should be a tile drainage throughout as contemplated in the plans and specifications now on file."

A tile drainage was constructed throughout; and in the city of Artesian this drainage included a complete sewer system for the city, with connections for toilets, baths, and catch basins at street intersections. The contention of respondents is that such a drainage system is not within the contemplation of the drainage laws; that it is in reality a city sewer system, solely within the jurisdiction of the city council, and over which the county board has no jurisdiction, and that the action of such board in levying the special assessments is void. There are several findings of the court as to the conduct of plaintiffs during and in reference to the proceedings, which defendants claim estop plaintiffs from now asserting the invalidity of the assessment. The court concluded that the drainage assessment is wholly void; that the plaintiffs are not estopped from asserting the invalidity thereof; and that plaintiffs should have judgment canceling the assessments. Judgment was accordingly entered, and defendants appeal from such judgment.

[1] From section 8458, R. C. 1919, it would seem that the primary purpose of the drainage laws is the reclamation of agricultural land by drainage of swamps, lakes, and low lands unsuitable for agriculture by reason of surplus water, or whenever such drainage shall be "conducive to the public health, convenience, or welfare." And that the manner of drainage is by ditch or drain, or enlargement of a water course. But section 8479 provides for closed or blind drains when found practical. Neither are drainage benefits confined to agricultural land, but may extend to drainage in cities, or of roads, or railroads. However, drainage is applicable to surface water which does not naturally drain away, supplying an artificial means of disposing of such water. It cannot properly have any application to a sewer system for the disposition of city sewerage from toilets, bath, and catch basins. Drains are under the charge of the county commissioners, to be kept open and in repair. A city sewer system is, and should be, under charge of the city authorities.

[2] It is contended by respondents that in this case the so-called drainage system is in reality a sewer system for the city of Artesian. But from the findings it does not appear that the avowed object of draining the lake was not accomplished, or that

the agricultural lands affected by the special assessments are not drained thereby. Apparently the system is a combined sewer and drainage system. The vital question is, Did the county commissioners, having jurisdiction to establish a drainage district, and take proceedings to drain the lake and surrounding land, lose jurisdiction of the whole proceedings, by including in the drainage project a sewer system for the city of 'Artesian, over which it had no jurisdiction? So far as appears from the record, all the tiling, connections, and drains without the limits of the city were needed to effect the drainage of the lake, and are properly chargeable to the drainage district. Merely allowing the discharge of a sewer into a drainage ditch does not destroy the character or purpose of the ditch. There is nothing in the record to show the construction of the drainage conduit was other and different from what it would have been if no sewer outlet was connected. Because the board assumed to act in a city project over which they had no jurisdiction did not deprive them of jurisdiction over the drainage system. The assessments sought to be canceled were levied by the board in the exercise of their jurisdiction over the drainage system. Respondents have not attempted to show that the assessments against them are not just or properly apportioned, or that acts of the board in connection with the sewer system of the city injuriously affected their rights. They simply challenge the jurisdiction of the board to levy any assessment against their lands for any amount, although it must be conceded that they have the benefit of a drainage system, with laterals and connections entirely upon their lands, solely for their use, and serving no other purpose than the drainage of their land. They have not shown themselves entitled to equitable relief.

The judgment appealed from is reversed with direction to the trial court to dismiss the action.

CAMPBELL, P. J., and GATES, POLLEY, and SHERWOOD, JJ., concur.