KAMRAR, et al, v. SANBORN COUNTY, et al, Appellants.

(244 N. W. 89.)

(File No. 7427. Opinion filed August 30, 1932.)

F. D. Richards, State's Attorney, and R. B. Palmer, both of Woonsocket, for Appellants.

Max Royhl, of Huron, for Respondents.

CAMPBELL, P. J.   This cause is now before us on the motion of defendants-respondents, city of Artesian and its officers, to dismiss an appeal taken by defendants-appellants, Sanborn County and its officers.

In 1916 proceedings were instituted to establish a drainage project in Sanborn county, S. D., by which it was ultimately contemplated to drain certain property in the city of Artesian and some agricultural land adjacent thereto.   Various controversies have developed, one phase of which was before this court several years ago.   See Dowdell v. City of Artesian, 51 S. D. 120, 212 N. W. 489.

The present action was commenced in July, 1931.   Plaintiffs are holders of various unpaid warrants issued, presented for payment and registered against the project which was known as "Drainage District No. 29."   The city of Artesian and its officers were made parties defendant, likewise the county of Sanborn and its officers, and the other defendants are named as owners of or interested in various parcels of realty included in said drainage district against which there are delinquent and unpaid assessments. The prayer of the complaint is as follows:

"Wherefore, the plaintiffs pray that the court order and decree:

"1.   That the defendants, Sanborn County, South Dakota, the Board of County Commissioners of Sanborn County, South Dakota, and the members thereof, the County Auditor and County Treasurer of Sanborn County, South Dakota, proceed as by law provided in such cases to collect accrued installments of assessments levied against respective parcels of real estate in drainage district No. 29, Sanborn County, South Dakota for the purpose of defraying the expense of constructing the improvements therein together with accrued interest and penalty on said assessments, and that it proceed to collect and enforce the payment of the delinquent installments of the assessments levied against the City of Artesian, Sanborn County, South Dakota, for the purpose of defraying the expense of constructing the improvementt in said drainage district, and to collect the accrued penalties and interest on said assessments.

"2.   That the defendants, the City of Artesian, South Dakota, its council, its councilmen, mayor and clerk, be required and direct-

ed to pay the installments of said assessments that are now due and delinquent together with all accrued interest and penalties thereon, and that they be required to provide means and funds with which to meet the installments of said assessments and accrued interest on said assessments as the same become due, and that judgment be entered against said city for all payments now delinquent together with accrued interest and penalties.

"3. That the court determine the rights of the various warrant holders and their priority.

"4. That the court determine the rights and priority of the various owners and lien holders of said real estate with respect to assessments against the same.

"5. That the plaintiffs have such other and further relief as may be just and equitable, including judgment for their costs and disbursements."

After the service of this complaint, defendants, Sanborn county and its officers, secured leave of court to file "a cross-complaint or complaint in intervention" against their co-defendants, the city of Artesian and its officers, and did file such cross-complaint, the prayer of which was as follows:

"Wherefore, These defendants pray for a judgment and decree of this Court as follows:

"1st. Determining and declaring the legal and equitable liability of the city of Artesian for the payment of the assessment levied and standing of record against it for the cost of constructing Drainage Project No. 29;

"2nd. Validating the whole of said drainage proceedings as to any defects or irregularities which may appear therein, determining the rights of the parties hereto, and assessing the costs as justice may require, should any substantial defect in said proceedings appear;

"3rd. Requiring the city of Artesian, its mayor, city council and clerk, to pay the installments of said drainage assessment now due and delinquent, together with all accrued interest and penalties thereon, and requiring them to provide funds wherewith to meet the several installments of said assessment and accruing interest as the same becomes due;

"4th. Granting to these defendants their costs and disburse-

ments herein, and such other and further relief as may be just and equitable in the premises."

To this cross-complaint respondents, city of Artesian and its officers, demurred upon all six of the statutory grounds stated in section 2348, R. C. 1919, and thereupon, the matter coming to issue, the trial court entered a blanket order that said demurrer "be and the same is hereby in all things sustained," making no specification of the particular grounds upon which the order was based.

From that order sustaining the demurrer to its cross-complaint Sanborn county and its officers have taken an appeal to this court serving the notice of appeal only upon the city of Artesian and its officers, which appeal, respondents, city of Artesian and its officers, now move to dismiss.

█ Respondents submit that no undertaking for costs has been furnished to perfect the appeal, pursuant to section 3146, R. C. 1919. In view of the provisions of section 3161, R. C. 1919, such undertaking is not necessary in this case, and the appeal is perfected by the service of notice.

█ The principal matter urged upon the motion, however, is that appellants are not "parties aggrieved" within section 3145, R. C. 1919, and have no such interest in the subject-matter in controversy as to justify an appeal. To determine this point would require a determination of at least one of the very issues made by the appeal itself upon the merits, to-wit, whether or not the so-called "cross-complaint" filed and served by appellants pursuant to leave of court states facts sufficient to constitute a cause of action as against respondents now moving to dismiss the appeal. We are of the view that the questions now sought to be presented by motion to dismiss are, in substance, identical for the most part with those that will be presented on the merits of the appeal, and that they should be determined when the appeal is reached upon the merits rather than upon motion. The motion to dismiss will therefore be denied.

ROBERTS, WARREN, and RUDOLPH, JJ., concur.
POLLEY, J., absent and not participating.