KAMRAR, et al, Plaintiffs, v. SANBORN COUNTY, et al,
Defendants and Appellants, and ARTESIAN, et al,
Defendants and Respondents.

(248 N. W. 489.)

(File No. 7427.   Opinion filed May 15, 1933.)

See, also, 60 S. D. 147, 244 N. W. 89.

*F. D. Richards,* State's Attorney, and *R. B. Palmer,* both of
Woonsocket, for Appellants.

*Max Royhl,* of Huron, for Respondents.

POLLEY, J.   This controversy grows out of the drainage
project that was involved in Dowdell et al v. City of Artesian
et al, 51 S. D. 120, 212 N. W. 489.   Reference is made to that
case for a statement of the facts involved.   The contract under
which the drain was constructed provided that the contractor was
to accept warrants against the drainage project in payment for his
labor and material used in the progress of the work.   After the
completion of the work, the warrants were issued, and some of
them came into the hands of the plaintiffs.   No efforts were made
to pay them, and plaintiffs brought this action to compel the county
commissioners acting as a drainage board and the city of Artesian
to proceed to collect the drainage assessments and pay the said
warrants.   The individual members of the board of county com-
missioners, county auditor, county treasurer, the mayor, members
of the city council, and city auditor were also joined as defendants.

The complaint alleges, among other matters:   "That the City
of Artesian has failed and refused to pay any of the assessment

levied against it, and its mayor, clerk, city council and councilmen have neglected and refused to take any steps to provide funds to meet the said assessments or to pay them or to pay the installments that are now due with interest and penalty. That these plaintiffs have no adequate and speedy remedy at law, and unless they are granted relief as prayed for herein they will suffer irreparable injury and loss."

And further alleges that the county commissioners, auditor, and treasurer, and the city of Artesian, its councilmen and clerk, have wholly failed and neglected to take any steps to enforce collection of the assessment levied, although demand has been made upon them to proceed. Plaintiff prayed for relief as follows:

"That the defendants, Sanborn County, South Dakota, the Board of County Commissioners of Sanborn County, South Dakota, and the members thereof, the County Auditor and County Treasurer of Sanborn County, South Dakota, proceed as by law provided in such cases to collect accrued installments of assessments levied against respective parcels of real estate in drainage district No. 29, Sanborn County, South Dakota, for the purpose of defraying the expense of constructing the improvements therein together with accrued interest and penalty on said assessments, and that it proceed to collect and enforce the payment of the delinquent installments of the assessments levied against the City of Artesian, Sanborn County, South Dakota, for the purpose of defraying the expense of constructing the improvement in said drainage district, and to collect the accrued penalties and interest on said assessments.

"That the defendants, the City of Artesian, South Dakota, its council, its councilmen, mayor and clerk, be required and directed to pay the installments of said assessments that are now due and delinquent together with all accrued interest and penalties thereon, and that they be required to provide means and funds with which to meet the installments of said assessments and accrued interest on said assessments as the same become due, and that judgment be entered against said city for all payments now delinquent together with accrued interest and penalties.

"That the court determine the rights of the various warrant holders and their priority.

"That the court determine the rights and priority of the vari-

ous owners and lien holders of said real estate with respect to assessments against the same."

While the county of Sanborn and its officers are made parties defendant to this action, no money judgment against such parties is asked for, and they are made parties only because, under the provisions of the drainage law (sections 8458-8491, Rev. Code 1919), it will be incumbent upon the members of the board of county commissioners to levy and collect assessments and pay the drainage warrants issued to the contractor, in case the court finally holds the city of Artesian liable.

To plaintiff's complaint, the county of Sanborn and its officers interposed a pleading denominated a "cross-complaint or complaint in intervention." This pleading is largely a reiteration of the allegations of plaintiff's complaint, but contains the following paragraph: "That these defendants are ready and willing to take such action as is necessary and legally required of them to collect the assessments made against said Drainage District No. 29, but have been and are uncertain as to the legal and equitable liability of the City of Artesian for the payment of the assessment made and levied against it in said drainage proceedings."

To this pleading the city of Artesian interposed a demurrer, which demurrer is based upon the ground, among others, that the said pleading does not state facts sufficient to constitute a cause of action.

Upon hearing, the court made and entered an order sustaining this demurrer and from this order the county of Sanborn and its officers appeal to this court.

The respondent city of Artesian moved to dismiss the appeal of Sanborn county and its officers upon the ground that they were not "parties aggrieved" within section 3145, Rev. Code 1919, and have no such interest in the subject matter in controversy as to entitle them to maintain such appeal. This motion was considered by the court, but, inasmuch as the right of appeal depends largely upon whether the said cross-complaint states facts sufficient to constitute a cause of action, the sole matter involved on the appeal, it was decided to let the matter of the motion to dismiss the appeal await the determination of the appeal on its merits. Alice B. Kamrar et al v. Sanborn County et al, 60 S. D. 147, 244 N. W. 89.

This action is not brought against Sanborn county for the purpose of establishing a liability against the county; it is brought for the purpose of establishing the liability of the city of Artesian upon the ditch warrants sued upon in this action. If it is decided upon the trial of the case that the city of Artesian is liable, then it will be incumbent upon the county of Sanborn and its officers to levy and collect the ditch tax and pay the same to the plaintiffs and others holding similar warrants. It was not necessary that Sanborn county be made a party to this action, but, had the action been brought against the city of Artesian alone and the liability established on the warrants, it may then have been necessary to bring another proceeding against Sanborn county to require it to collect and disburse the tax. By joining the county in this action, the county may be directed to levy and collect said tax as a part of the judgment establishing the liability of the city of Artesian.

In their prayer, cross complainants ask for the following relief:

"Determining and declaring the legal and equitable liability of the city of Artesian for the payment of the assessment levied and standing of record against it for the cost of constructing Drainage Project No. 29;

"Validating the whole of said drainage proceedings as to any defects or irregularities which may appear therein, determining the rights of the parties hereto, and assessing the costs as justice may require, should any substantial defect in said proceedings appear;

"Requiring the city of Artesian, its mayor, city council and clerk to pay the installments of said drainage assessment now due and delinquent, together with all accrued interest and penalties thereon, and requiring them to provide funds wherewith to meet the several installments of said assessment and accruing interest as the same becomes due."

The relief asked for in this prayer is practically the same as the relief asked for by the plaintiff in its complaint. Just why Sanborn county should be concerned in having the validity of plaintiff's warrants established is more than we can understand. Appellant has no rights whatever to protect. No money judgment is asked against the county, and the county will not be called upon to take any action in the controversy unless and until the liability

of the city of Artesian has been established. If such liability is established, then it is the duty of the county as a matter of law to proceed to levy and collect the ditch assessments.

Appellants say in their cross-complaint that they are ready and willing to take such action as is necessary to collect the assessments against drainage district No. 29, but that they are uncertain as to the legal and equitable liability of the city of Artesian for the payment of the said assessments. If appellants had not taken this appeal, and thereby prevented this action from going to trial, they would undoubtedly have known long before now just what the legal and equitable liability of the city of Artesian is.

Our conclusion is that the said cross-complaint fails to state a cause of action, and that the order appealed from should be, and hereby is, affirmed.

RUDOLPH, P. J., and ROBERTS and WARREN, JJ., concur.

CAMPBELL, J., concurs in result.