KAMRAR, et al, Plaintiffs, v. SANBORN COUNTY, et al, Appellants, ARTESIAN, S. D., et al, Respondents.

(253 N. W. 496.)

(File No. 7427. Opinion filed March 19, 1934.)

For former opinion, see 61 S. D. 300, 248 N. W. 489.

*F. D. Richards,* State's Attorney, and *R. B. Palmer,* both of Woonsocket, for Appellants.

*Max Royhl,* of Huron, for Respondents.

PER CURIAM. This matter is now before the court on re-hearing. It was first here on a motion by defendant city of Arte-

sian, to dismiss the appeal. This motion was denied, Kamrar v. Sanborn County et al, 60 S. D. 179, 244 N. W. 89. The matter then came before the court on the appeal from the order of the trial court sustaining plaintiffs' demurrer to the cross-complaint of the defendant Sanborn county. The order appealed from was affirmed. 61 S. D. 300, 248 N. W. 489. A rehearing was granted and a time was fixed for hearing oral arguments on the rehearing. Counsel for both parties were notified of the time fixed for hearing such arguments, but no appearance was made at such time, nor were any additional briefs filed. Therefore, the case is now before the court on the original briefs and a petition for rehearing.

In our former opinion, appearing in 61 S. D. 300, 248 N. W. 489, we held that it did not appear from the cross-complaint that the county had any interest to protect in this proceeding and affirmed the order sustaining the demurrer. In the petition for rehearing it is pointed out that the cross-complaint alleges that the county of Sanborn has been assessed for the original construction of the ditch in the amount of $3,944. This fact was overlooked in the preparation of our former opinion. Under the provisions of chapter 108, Laws of 1929, which is an amendment of section 8470, R. C. 1919, the cost for maintenance and repairs of the drainage ditch will be paid by "all the land owners in such ditch district, in the same proportions fixed and determined for such drainage." Sanborn county, having been assessed for certain benefits arising from the construction of this ditch, must, therefore, in the future bear its proportionate cost of the expense of any maintenance or repair of the ditch. Should the city of Artesian be relieved from any liability for the construction of the ditch it would follow, we believe, without question that the city would also be relieved of any future liability because of maintenance or repair. This being true, it seems apparent that Sanborn county has a real pecuniary interest in establishing the liability of the city of Artesian for the construction of this ditch in order that the city could be compelled in the future to share the cost of maintenance and repair. We are of the opinion, therefore, that we erred in our former holding.

The appellant herein requests that this court express an opinion at this time upon the question of whether the cross-complaint does in fact state a cause of action, and in this connection a very un-

usual situation is presented. As stated in the former opinion, the cross-complaint is largely a reiteration of the allegations of plaintiff's complaint. At the same time that the demurrer was interposed to the cross-complaint, a demurrer was also interposed to the original complaint. The demurrer to the original complaint was overruled, while the demurrer to the cross-complaint was sustained. It is practically conceded by counsel, and is apparent from an examination of the record, that the demurrer to the cross-complaint was sustained by the trial court on the theory that Sanborn county had no interest in the matter and was nothing more than a nominal party to the proceedings. As stated above, we now are of the opinion that the trial court was in error in so holding. It should also be noted that the plaintiffs are not before the court at this time. The court having overruled the demurrer to the plaintiffs' complaint, the plaintiffs, of course, did not appeal and are not parties before this court. Should we at this time express any opinion upon the merits of the cross-complaint, we would be passing upon questions of law which will undoubtedly be at issue in the trial of the case upon plaintiffs' complaint, without having plaintiffs as parties in this court. In view of the unusual situation thus presented, and in view of the fact that it is apparent from the record that the trial court did not pass upon the merits of the cross-complaint, we refrain from expressing any opinion thereon at this time. We believe, however, that we were in error in our former opinion in holding that Sanborn county has no rights to protect in this proceeding, and the order appealed from is reversed.

All the Judges concur.